# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Williams Tsosie,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-16-08003-PCT-PGR (JZB)<br><br>**REPORT**<br>**AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Brandon Williams Tsosie has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc 1.)

**I.    Summary of Conclusion**

Petitioner's post-conviction proceedings concluded on July 30, 2012. The statute of limitations on Petitioner's habeas claims expired one year later on July 31, 2013. The instant Petition was filed on January 5, 2016. Equitable tolling is not merited because Petitioner's claim that he did not "understand how to fill out" a petition does not justify his delay of two years and five months. For the reasons that follow, the Court concludes that Petitioner's claims are untimely. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

**II.    Factual and Procedural Background**

### a. Facts and Proceedings

The Presentence Report includes a summary of the underlying facts of Petitioner's offense:

> On or about December 17, 2007, at approximately 8:43 p.m., Holbrook police officers were dispatched to 208 West Delaware Street in Holbrook. When they arrived, they found victim, Kyle Yellowhair, lying on the sidewalk and bleeding from the neck. Kyle was described as being up and about. He had a one to two inch wound to [the] side of his neck, above the collar bone. He had blood on his face. He had blood on his shirt and he was spitting up blood….
>
> A witness by the name of Kendrick Kabinto was with the victim when the stabbing occurred. He was able to give the investigating officers the name of the culprit….
>
> According to information leading to the stabbing…, [t]he defendant went to his sister's apartment and exchanged words with the victim. The defendant and victim got into a wrestling match. The defendant also got into a wrestling match with Joe Richardson, the defendant sister's boyfriend. After this was over, the victim and Kendrick Kabinto left the apartment and the defendant followed them. In the area of Third Avenue and Erie Street, the defendant and victim exchanged words again. The witness…looked back, [and] saw the victim holding the left [side] of his face and he saw the defendant holding a knife.
>
> [Defendant] was arrested without incident. He admitted to stabbing the victim when anger took over…. The defendant was on intensive probation when he committed the instant offense.

(Doc. 13-1, Ex. E, at 33-34.)

The State charged Petitioner in the Navajo County Superior Court with attempted first-degree murder, a class 2 felony (Count 1), aggravated assault, a class 3 felony (Count 2), and misconduct involving weapons, a class 4 felony (Count 3). (Doc. 13-1, Ex. A, at 5.)

### b. Plea and Sentencing

On September 12, 2008, pursuant to a plea agreement, Defendant pleaded guilty to Count 1 with increased sentencing based upon two prior felony convictions. (Doc. 13-1, Ex. B, at 9.) Petitioner stipulated his sentenced would not exceed 25 years of imprisonment. (*Id.*) As part of his plea agreement, Petitioner waived his right to a direct

appeal under Arizona law. (*Id*. at 10.) The State agreed to dismiss Counts Two and Three, and to dismiss the allegation that the offense was committed while Petitioner was on probation. (*Id*.) On November 19, 2008, the trial court accepted Defendant's guilty plea and sentenced him to a 20-year term of imprisonment. (Doc. 13-1, Ex. F, at 61.)

### c. Petitioner's Post-Conviction Relief Proceeding

On December 18, 2008, Petitioner initiated a timely of-right post-conviction relief proceeding in the Superior Court of Arizona. (Doc. 13-1, Ex. H, at 121.) On July 15, 2010, the trial court conducted a hearing to determine if Petitioner was competent to proceed with a post-conviction proceeding and assist counsel with the proceeding. (Doc. 13-1, Exs. M-N, at 193, 219.) On May 6, 2011, the court concluded that "Defendant has failed to present reasonable grounds that he does not understand the nature of his Rule 32 proceeding and that the Defendant is unable to assist his counsel in this proceeding…." (Doc. 13-1, Ex. N, at 220.)

On August 5, 2011, Petitioner's counsel filed a Petition for Post-Conviction Relief. (Doc. 13-2, Ex. O, at 2.)  On April 30, 2012, the court denied Petitioner's claims and dismissed the PCR petition. (Doc. 13-4, Ex. R, at 33.)

The court granted counsel's request for an extension of time until July 30, 2012, to file a *pro se* petition with the Arizona Court of Appeals. (Doc. 13-4, Exs. T, V, at 37, 42.) Petitioner did not seek further review with the Arizona Court of Appeals. (Doc. 13-4, Ex. W, at 49.)

### d. Petitioner's Federal Habeas Petition

On January 5, 2016, Petitioner filed this habeas Petition. (Doc. 1.) On April 18, 2016, Respondents filed a Limited Answer to the Petition. (Doc. 13.) Petitioner did not file a Reply.

In his Petition, Petitioner raises the following grounds for relief:

1. He received ineffective assistance of counsel when his "previous counsel" failed to inform the trial court that he requested new counsel.

2. He received ineffective assistance of counsel at sentencing when his counsel incorrectly told the trial court that he had previously pleaded guilty in a different federal case, which resulted in an "inappropriate aggravating factor."

3. His previous counsel failed to research or advise him about the potential impact of his prior finding of incompetency, and his previous counsel failed to "properly investigate a guilty but insane defense."

4. He received ineffective assistance of counsel when his previous counsel failed to research his mental health history and status.

5. He received ineffective assistance of counsel when his previous counsel failed to present mitigating evidence based on his mental health history and status.

6. He received ineffective assistance of counsel when his previous counsel presented inaccurate and prejudicial information to the court that affected his sentence.

7. The trial court abused its discretion when it relied on incomplete and inaccurate information in finding a "major aggravating factor."

(Doc. 1.)

### III. The Petition is Untimely.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

#### a. Time Calculation

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of…the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). To assess the timeliness of the Petition, the Court determines the date on which Petitioner's conviction became "final by the conclusion of direct review." 28 U.S.C. §

2244(d)(1)(A). By pleading guilty, Petitioner could seek review in an "of-right" proceeding under Rule 32, which is the functional equivalent of a direct appeal. *See* Ariz. R.Crim. P. 32.1 and 32.4; *Summers v. Schriro*, 481 F.3d 710, 715–16 (9th Cir. 2007) (noting that Arizona courts consider Rule 32 of-right proceedings a form of direct review).

On December 18, 2008, Petitioner initiated a timely of-right post-conviction relief proceeding. (Doc. 13-1, Ex. H, at 121.) On April 30, 2012, the court denied Petitioner's claims and dismissed the PCR petition. (Doc. 13-4, Ex. R, at 33.) Petitioner had 35 days, until June 4, 2012, in which to seek review in the Arizona Court of Appeals. *See* Ariz. R.Crim. P. 32.9(c) (providing that a petition for review must be filed within 30 days from the final decision in a post-conviction proceeding); Ariz. R.Crim. P. 1.3 (adding five days for mailing).

The trial court granted Petitioner an extension of time until July 30, 2012, to file a *pro se* petition with the Arizona Court of Appeals. (Doc. 13-4, Exs. T, V, at 37, 42.) Petitioner did not seek review in the Arizona Court of Appeals. (Doc. 13-4, Ex. W, at 49.) Therefore, the statute of limitations on Petitioner's habeas claims began to run on July 31, 2012, the date he could no longer seek review and his convictions became final. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (for purposes of § 2244(d)(1)(A), direct review is final upon conclusion of direct review or the time to seek such review). The one-year statute of limitations expired on July 31, 2013. The instant Petition was filed on January 5, 2016.

### b. Equitable Tolling

"A petitioner who seeks equitable tolling of AEDPA's 1-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010)." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces,

rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048–49 (9th Cir. 2010). Equitable tolling should be rarely granted. *See, e.g.*, *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

### c. Equitable Tolling and Mental Impairment

A petitioner who seeks equitable tolling based on mental impairment must satisfy a two-part test. The petitioner:

> must [first] show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010) (internal citation, marks, footnote, and emphasis omitted).

Here, Petitioner asserts that "[d]ue to my incompetency, I don't understand how to fill out this or what to do." (Doc. 1 at 18.) Petitioner fails to establish that equitable tolling should apply. Petitioner demonstrates a clear recollection of the facts related to each allegation. In Ground One, Petitioner alleges that his prior "complaints included specifically that Mr. Ackerly was not communicating with me regarding this matter despite repeated efforts by my requesting communication." (Doc. 1 at 7.) In Ground Two, Petitioner alleges that the "police reports indicated that I was on medications for

psychosis, that I had been involved in a murder while a juvenile, that I serve time in DOC and that I was incarcerated in a medical facility in Minnesota. My records regarding my history were never obtained." (Doc. 1 at 10.) In Ground Three, Petitioner alleges that "my attorney failed to research and advise me regarding the impact of my prior incompetency, ongoing mental problems and the possibility of guilty but insane defense." (Doc. 1 at 13.) Petitioner makes similar, specific claims in each of the remaining Grounds. Petitioner had sufficient command of the facts to file a Petition. *See Waldron–Ramsey v. Pacholke,* 556 F.3d 1008, 1014 (9th Cir. 2009) (affirming denial of equitable tolling and stating that petitioner "could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline."); *United States v. Battles,* 362 F.3d 1195, 1198 (9th Cir. 2004) (even without access to his case file, petitioner must "at least consult his own memory of the trial proceedings."). Petitioner demonstrates a sufficient command of the facts of his case, and his explanation for the delay does not justify equitable tolling.

Petitioner's explanation for an untimely petition is that he did not "understand how to fill out this or what to do. I get help here and there, but it's still very hard for me to know what they be talking about." (Doc. 1 at 18.) Petitioner's explanation for delay is not incompetence, but the legal difficulty in filing a habeas petition. But Petitioner's *pro se* status and unfamiliarity with the law does not excuse his failure to comply with 28 U.S.C. § 2244(d)'s one-year statute of limitations. *See, e.g.*, *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

Importantly, the Court has considered Petitioner's diligence. Petitioner "must diligently seek assistance and exploit whatever assistance is reasonably available" to him. *Bills*, 628 F.3d at 1101. "The court should examine whether the petitioner's mental impairment prevented him from locating assistance or communicating with or sufficiently supervising any assistance actually found." (*Id.*) Here, Petitioner has demonstrated no diligence in seeking or locating assistance to assist with the filing of the Petition. *See also Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) (denying equitable

tolling and noting from *Bills* that "the mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence").

Finally, the Court has reviewed the "Motion for Rule 11 Examination in Regards to Petition for Post-Conviction Relief" filed by Petitioner. (Doc. 13-1, Ex. I, at 124.) The Court has also reviewed the Response (Doc. 13-1, Ex J, at 127), Reply (Doc. 13-1, Ex. K at 155), and the Court's Order denying Petitioner's request for a Rule 11 examination in his PCR proceeding (Doc. 13-1, Ex. N, at 219). The Court has also reviewed the transcript from the evidentiary hearing regarding Petitioner's competence to proceed with post-conviction review proceedings. (Doc. 13-1, Ex. M, at 193.) The trial court concluded Petitioner "failed to present reasonable grounds that he does not understand the nature of his Rule 32 proceeding and that the Defendant is unable to assist his counsel in this proceeding" and denied Petitioner's "request for a Rule 11 evaluation." (Doc. 13-1, Ex. N, at 218.)

Petitioner fails to establish how any impairment: (1) prevented him from understanding the need to timely file a habeas petition; or (2) rendered him unable to personally prepare a habeas petition and effectuate its filing. Petitioner would be entitled to equitable tolling if he established that any impairment was so severe it caused him to miss his AEDPA deadline. *See Laws v. Lamarque*, 351 F.3d 919, 926 (9th Cir. 2003) (where "a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an extraordinary circumstance beyond [his] control."). But Petitioner filed a factually detailed Petition. The cause of the delay was not Petitioner's infirmity, but rather "how to fill out" the Petition and "what to do" with the Petition. (Doc. 1 at 18.)[1]  Petitioner fails to establish that he is entitled to equitable tolling for more than two years. *See Johnson v. United States*, 544 U.S. 295,

---

[1] Petitioner also had the option to file a protective petition if he was diligently pursuing his rights. *See Lakey v. Hickman*, 633 F.3d 782, 787 (9th Cir. 2011) (noting that *Pace v. DiGuiglielmo*, 544 U.S. 408, 416 (2005) advised state prisoners to file a protective federal petition to avoid a possible timeliness bar).

311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *Waldron–Ramsey*, 556 F.3d at 1012 n. 4 ("[W]e have held that a *pro se* petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling.").

Although equitable tolling of the statute of limitations is available in certain extraordinary circumstances, Petitioner did not carry his burden and demonstrate that he is entitled to such relief.

## IV.    Evidentiary Hearing

An evidentiary hearing is not warranted regarding Petitioner's claims, including equitable tolling, because the record is sufficiently developed to resolve this question. A habeas petitioner asserting equitable tolling "should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws*, 351 F.3d at 919. An evidentiary hearing is not mandatory. "Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). *See also Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) (affirming conclusion that "[b]ecause [Gaston] was capable of preparing and filing state court petitions [during the limitations period], it appears that he was capable of preparing and filing a [federal] petition during the [same time]").

## V.    Conclusion

Based on the above analysis, the Court finds that Petitioner's claims are untimely.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 19th day of August, 2016.

Honorable John Z. Boyle
United States Magistrate Judge